**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
ADOLPHUS DOWNS,                 :
                                :   Civil Action No. 06-1393 (WJM)
           Petitioner,          :
                                :
      v.                        :   OPINION
                                :
MICHELLE RICCI, et al.,         :
                                :
           Respondents.         :
```

**APPEARANCES:**

    ADOLPHUS DOWNS, Petitioner Pro Se
    #189521C/297856
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**MARTINI**, District Judge

This matter is before the Court on petitioner Adolphus Downs' petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the habeas petition must be dismissed without prejudice.

### I.  BACKGROUND

According to the allegations contained in the habeas petition, it would appear that petitioner's challenged state court judgment of conviction became final 90 days after the New Jersey Supreme Court denied certification on petitioner's direct appeal on April 28, 2000; or in other words, it became final on July 28, 2000.  Petitioner filed a state post-conviction relief

("PCR") petition on September 28, 2000. The petition shows that the state PCR proceedings are still ongoing on remand by the New Jersey Appellate Division since 2003. Accordingly, petitioner's one-year limitations period to file his federal habeas petition, pursuant to 28 U.S.C. § 2244(d) has not expired and is currently tolled under § 2244(d)(2) while the state PCR proceedings are pending.

On or about March 24, 2006, petitioner submitted to this Court a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He asserts two grounds for relief: (1) state court error in failing to dismiss the murder charge against him for lack of supporting evidence; and (2) prosecutorial misconduct in referring to "uncontradicted" testimony of a witness, which petitioner contends was a reference to his failure to testify at trial. On July 1, 2006 and August 27, 2006, petitioner wrote to the court asking that his petition be stayed so that he can exhaust his state court remedies and bring one, all-inclusive habeas petition asserting those claims pending on state court collateral review. (Docket Entry Nos. 7, 8).

## II.  ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render

such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

Moreover, the exhaustion doctrine is a "total" exhaustion rule.  That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]."  Lundy, 455 U.S. at 522.  At the time Lundy was

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

3

decided, there was no statute of limitations on the filing of federal habeas petitions.  The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[2] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'"  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  ...  [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

---

[2] See 28 U.S.C. § 2244(d).

4

> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, petitioner is not faced with the issue of a possible time-bar if this Court were to dismiss the petition as

unexhausted.  There are no timeliness concerns because the state PCR proceedings have tolled the limitations period under 28 U.S.C. § 2244(d)(2), and petitioner would have the remaining ten months on his limitations period to file his one, all-inclusive habeas petition once the state PCR proceedings are concluded.  Accordingly, a stay of the habeas petition is not appropriate under these circumstances.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

In the present case, petitioner suggests that he would like to bring additional claims on habeas review after his state court proceedings are finished.  He does not indicate what these claims might be at this time since the state PCR proceedings (apparently dealing with ineffectiveness of trial counsel claims) are still pending.

Further, petitioner has neither asserted nor demonstrated an absence of available state process.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  There does not appear to be any reason why petitioner might be prohibited from exhausting his claims in state court.  Indeed, he admits that his state PCR proceedings are still pending.  Accordingly, the habeas petition will be dismissed without prejudice for non-exhaustion of available and pending state court remedies.

III. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1034 (Feb. 25, 2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, for the reasons discussed above, this § 2254 habeas petition is clearly unexhausted. The Court also is persuaded that reasonable jurists would not debate the correctness of this

8

conclusion.  Consequently, a certificate of appealability will not be issued.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner's request for a stay of his petition is denied because timeliness concerns are not presented to warrant a stay of the petition.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


                                     s/William J. Martini
                                     _____
                                     WILLIAM J. MARTINI
                                     United States District Judge

DATED: 11/08/06